1  DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
   Email:  vanhavermaatd@sec.gov
2  LUCEE S. KIRKA, Cal. Bar No. 121685
   Email:  kirkal@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  John W. Berry, Associate Regional Director
   Amy J. Longo, Regional Trial Counsel
6  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **WESTERN DIVISION**

12

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.:  CV-16-07333 BRO (SKx) |
| Plaintiff, | **DECLARATION OF DAVID J. VAN HAVERMAAT IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT MARCUS A. LUNA** |
| vs. | |
| MARCUS A. LUNA, NORRELL L. WALKER, PAUL L. GOMEZ, and DUSTIN S. SMITH, | |
| Defendants. | |

1    I, David J. Van Havermaat, declare pursuant to 28 U.S.C. § 1746:

2    1.    I am an attorney in good standing and admitted to practice law in the

3    state of California and before this Court.  I am employed by the Securities and

4    Exchange Commission ("SEC") as Senior Trial Counsel in the Division of

5    Enforcement in the Los Angeles Regional Office.  Except to the extent otherwise

6    indicated, I have personal knowledge of each of the matters set forth in this

7    declaration.

8    2.    Attached hereto as **Exhibit 1** is a true and correct copy of a statement

9    from Vandham Securities Corp. reflecting sales of 17,625 shares of Umax Group

10   Corp. ("Umax") stock through an account in the name of Caledonian Securities

11   Ltd. during the period March 29, 2013 through April 30, 2013, for total proceeds

12   of $55,163.45.

13   3.    Attached hereto as **Exhibit 2** is a true and correct copy of a statement

14   from Vandham Securities Corp. reflecting sales of 6,570 shares of Umax stock

15   through an account in the name of Caledonian Securities Ltd. during the period

16   May 1, 2013 through May 31, 2013, for total proceeds of $12,521.38.

17   4.    Attached hereto as **Exhibit 3** is a true and correct copy of a statement

18   from Vandham Securities Corp. reflecting sales of 20,400 shares Umax stock

19   through an account in the name of Caledonian Securities Ltd. during the period

20   June 1, 2013 through June 28, 2013, for total proceeds of $39,896.27.

21   5.    Attached hereto as **Exhibit 4** is a true and correct copy of a statement

22   from Vandham Securities Corp. reflecting sales of 171,293 shares of Umax stock

23   through an account in the name of Caledonian Securities Ltd. during the period

24   June 29, 2013 through July 31, 2013, for total proceeds of $362,678.57.

25   6.    Attached hereto as **Exhibit 5** is a true and correct copy of a statement

26   from Vandham Securities Corp. reflecting sales of 327,845 shares of Umax stock

27   through an account in the name of Caledonian Securities Ltd. during the period

28   August 1, 2013 through August 30, 2013, for total proceeds of $830,144.20.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 41,284 shares of Umax stock through an account in the name of Caledonian Securities Ltd. during the period August 31, 2013 through September 30, 2013, for total proceeds of $110,227.94.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 792,427 shares of Umax stock through an account in the name of Caledonian Securities Ltd. during the period October 1, 2013 through October 31, 2013, for total proceeds of $981,045.53.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 1,204,796 shares of Umax stock through an account in the name of Caledonian Securities Ltd. during the period November 1, 2013 through November 29, 2013, for total proceeds of $1,180,416.64.

10.     Attached hereto as **Exhibit 9** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 923,789 shares of Umax stock through an account in the name of Caledonian Securities Ltd. during the period November 30, 2013 through December 31, 2013, for total proceeds of $844,665.90.

11.     Attached hereto as **Exhibit 10** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 307,734 shares of Umax stock through an account in the name of Caledonian Securities Ltd. during the period January 1, 2014 through January 31, 2014, for total proceeds of $123,864.78.

12.     Attached hereto as **Exhibit 11** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 53,950 shares of Umax stock through an account in the name of Caledonian Securities Ltd. during the period February 1, 2014 through February 28, 2014, for total proceeds of $15,080.21.

1    13.    Attached hereto as **Exhibit 12** is a true and correct copy of a

2  statement from ConvergEx Execution Solutions LLC reflecting sales of 236,593

3  shares of Umax stock through an account in the name of Calendonia Bank Ltd.

4  during the period June 1, 2013 through June 28, 2013, for total proceeds of

5  $471,547.14.

6    14.    Attached hereto as **Exhibit 13** is a true and correct copy of a

7  statement from ConvergEx Execution Solutions LLC reflecting sales of 1,641,244

8  shares of Umax stock through an account in the name of Calendonia Bank Ltd.

9  during the period June 1, 2013 through September 30, 2013, for total proceeds of

10  $3,424,751.24.

11    15.    Attached hereto as **Exhibit 14** is a true and correct copy of a

12  statement from ConvergEx Execution Solutions LLC reflecting sales of 597,710

13  shares of Umax stock through an account in the name of Calendonia Bank Ltd.

14  during the period October 1, 2013 through October 31, 2013, for total proceeds of

15  $644,257.11.

16    16.    Attached hereto as **Exhibit 15** is a true and correct copy of a

17  statement from ConvergEx Execution Solutions LLC reflecting sales of 373,360

18  shares of Umax stock through an account in the name of Calendonia Bank Ltd.

19  during the period April 1, 2013 through April 30, 2013, for total proceeds of

20  $604,666.36.

21    17.    Attached hereto as **Exhibit 16** is a true and correct copy of a

22  statement from ConvergEx Execution Solutions LLC reflecting sales of 333,717

23  shares of Umax stock through Calendonia Bank Ltd. during the period May 1,

24  2013 through May 31, 2013, for total proceeds of $595,683.35.

25    18.    Attached hereto as **Exhibit 17** is a true and correct copy of a

26  statement from ConvergEx Execution Solutions LLC reflecting sales of 116,520

27  shares of Umax stock through Calendonia Bank Ltd. during the period June 1,

28  2013 through June 28, 2013, for total proceeds of $224,510.06.

19.     Attached hereto as **Exhibit 18** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 288,546 shares of Azure Holding Group Corp. ("Azure") stock through an account in the name of Caledonian Bank Ltd. during the period November 30, 2013 through December 31, 2013, for total proceeds of $349,296.26.

20.     Attached hereto as **Exhibit 19** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 909.918 shares of Azure stock through an account in the name of Caledonian Bank Ltd. during the period January 1, 2014 through January 31, 2014, for total proceeds of $1,454,990.46.

21.     Attached hereto as **Exhibit 20** is a true and correct copy of a statement from Vandham Securities Corp. reflecting sales of 866,829 shares of Azure stock through an account in the name of Caledonian Bank Ltd. during the period February 1, 2014 through February 28, 2014, for total proceeds of $1,006,477.17.

22.     Attached hereto as **Exhibit 21** are true and correct copies of wire transfer instructions provided by Marcus Luna to wire funds out of the Windsong, International Ltd. Account at Legacy Global Markets, S.A.  From April 17, 2013 through February 20, 2014, Luna instructed Legacy Global Markets to wire out a total of at least $12,147,916.  The wire transfer instructions include requests for transfers of the following amounts:

   a.     4/12/13, two transfers totaling $40,000 (Bates No. EDNY-LGM-000010226) (although this wire transfer instruction is undated, it instructs that a transfer of $35,000 be made to N.L. Walker and Associates ("NLW"), which corresponds to a wire transfer in that amount received by NLW on April 12, 2013, as described in paragraph 22.a below);

   b.     4/17/13, one transfer for $63,000 (EDNY-LGM-000010203);

   c.     4/24/13, one transfer for $12,470 (EDNY-LGM-0000101480;

4

d.    5/1/13, two transfers totaling $241,130 (EDNY-LGM-000010095-98);

e.    5/8/13, two transfers totaling $166,000 (EDNY-LGM-000006902-03);

f.    5/16/13, two transfers totaling $182,550 (EDNY-LGM-000006837) (although this wire transfer instruction is undated, it instructs that a transfer of $116,200 be made to NLW, which corresponds to a wire transfer in that amount received by NLW on May 16, 2013, as described in paragraph 22.b below);

g.    5/22/13, three transfers totaling $59,655 (EDNY-LGM-000006788-89);

h.    5/29/13, two transfers totaling $136,900 (EDNY-LGM-000006480-81);

i.    6/5/13, three transfers totaling $106,100 (EDNY-LGM-000006076-77);

j.    6/13/13, two transfers totaling $193,700 (EDNY-LGM-000006002);

k.    6/19/13, one transfer for $63,780 (EDNY-LGM-000005958-59);

l.    6/19/13, two transfers totaling $167,330 (EDNY-LGM-000005960);

m.    6/26/13, three transfers totaling $165,100 (EDNY-LGM-000005925-26);

n.    7/2/13, two transfer totaling $109,025 (EDNY-LGM-000018494-95);

o.    7/8/13, two transfers totaling $292,673 (EDNY-LGM-000018474-75);

p.    7/18/13, one transfer for $44,650 (EDNY-LGM-000018429-30);

q.    7/23/13, four transfers totaling $269,350 (EDNY-LGM-000018399-400);

r.    7/24/13, two transfers totaling $148,700 (EDNY-LGM-000018373-74);

s.    7/31/13, two transfers totaling $94,300 (EDNY-LGM-000018318);

t.    8/6/13, two transfers totaling $378,300 (EDNY-LGM-000015403-04);

u.    8/7/13, two transfers totaling $186,600 (EDNY-LGM-000015378-79);

1    v.    8/12/13, four transfers totaling $272,200 (EDNY-LGM-000015356-
2    59);

3    w.    8/14/13, two transfers totaling $286,200 (EDNY-LGM-000015316-
4    17);

5    x.    8/19/13, two transfers totaling $347,600 (EDNY-LGM-000015291-
6    92);

7    y.    8/21/13, four transfers totaling $268,200 (EDNY-LGM-000015274-
8    75);

9    z.    8/28/13, three transfers totaling $255,100 (EDNY-LGM-000015187-
10   88);

11   aa.   9/4/13, five transfers totaling $323,700 (EDNY-LGM-000016048-
12   50);

13   bb.   9/11/13, four transfers totaling $332,200 (EDNY-LGM-000015994-
14   96);

15   cc.   9/18/13, two transfers totaling $392,000 (EDNY-LGM-000015955-
16   56);

17   dd.   9/25/13, three transfers totaling $432,000 (EDNY-LGM-000015914-
18   15);

19   ee.   10/2/13, two transfers totaling $463,200 (EDNY-LGM-000007934-
20   36);

21   ff.   10/9/13, two transfers totaling $206,900 (EDNY-LGM-000007978-
22   79);

23   gg.   10/17/13, two transfers totaling $233,300 (EDNY-LGM-000007893-
24   94);

25   hh.   10/23/13, four transfers totaling $594,400 (EDNY-LGM-000007871-
26   72);

27   ii.   10/31/13, five transfers totaling $184,300 (EDNY-LGM-000007829-
28   31);

6

jj.   11/6/13, two transfers totaling $160,500 (EDNY-LGM-000008433)

kk.   11/13/13, four transfers totaling $298,400 (EDNY-LGM-000008391-93);

ll.   11/20/13, four transfers totaling $242,200 (EDNY-LGM-000008363-64);

mm.   11/26/13, one transfer for $2,000 (EDNY-LGM-000008347);

nn.   11/27/13, one transfer for $213,600 (EDNY-LGM-000005887-88);

oo.   11/27/13, one transfer for $119,500 (EDNY-LGM-000008331);

pp.   12/11/13, one transfer for $384,300 (EDNY-LGM-000005844);

qq.   12/19/13, two transfers totaling $167,600 (EDNY-LGM-000005810-11);

rr.   11/26/13, three transfers totaling $327,900 (EDNY-LGM-000017639-40);

ss.   1/6/14, two transfers totaling $204,100 (EDNY-LGM-000017873-74);

tt.   1/9/14, two transfers totaling $152,000 (EDNY-LGM-000017834-35);

uu.   1/21/14, two transfers totaling $603,600 (EDNY-LGM-000017769-70);

vv.   1/23/14, four transfers totaling $243,000 (EDNY-LGM-000017760-61);

ww.   1/29/14, six transfers totaling $225,600 (EDNY-LGM-000017706-08);

xx.   2/5/14, two transfers totaling $406,500 (EDNY-LGM-000015648-49);

yy.   2/11/14, one transfer for $326,000 (EDNY-LGM-000015581);

zz.   2/14/14, one transfer for $180,000 (EDNY-LGM-000015546);

aaa.   2/18/14, one transfer for $20,000 (EDNY-LGM-000015543); and

bbb.   2/20/14, four transfers totaling $158,500 (EDNY-LGM-000015513-14).

1        23.    Attached hereto as **Exhibit 22** are true and correct copies of the Bank

2  of America account statements for NL Walker Associates Inc. ("NLW").  NLW's

3  bank statements reflect that, from April 2013 through February 2014, NLW

4  received a total of $7,027,428 in wire transfers from Legacy Global Markets.

5        a.    The NLW bank statement for April 1 through April 30, 2013 reflects

6  the following wire transfers received by NLW from Legacy Global Markets:

7        April 5, 2013:    $15,000

8        April 12, 2013:    $35,000

9        April 17, 2013:    $63,000

10       April 24, 2013:    $12,470

11       b.    The NLW bank statement for May 1 through May 31, 2013 reflects

12 the following wire transfers received by NLW from Legacy Global Markets:

13       May 2, 2013:    $81,130

14       May 8, 2013:    $87,500

15       May 16, 2013:    $116,200

16       May 23, 2013:    $38,130

17       c.    The NLW bank statement for June 1 through June 30, 2013 reflects

18 the following wire transfers received by NLW from Legacy Global Markets:

19       June 3, 2013:    $87,000

20       June 6, 2013:    $67,700

21       June 13, 2013:    $123,400

22       June 20, 2013:    $103,550

23       June 26, 2013:    $104,800

24       d.    The NLW bank statement for July 1 through July 31, 2013 reflects the

25 following wire transfers received by NLW from Legacy Global Markets:

26       July 3, 2013:    $83,550

27       July 8, 2013:    $167,798

28       July 18, 2013:    $44,650

1    July 23, 2013:    $183,000

2    July 26, 2013:    $74,300

3    July 31, 2013:    $58,650

4   In July and August 2013, the Bank of America statements reflect the amounts of

5   the incoming wire transfers but do not reflect the name of the entity originating the

6   transfers.  If necessary, the SEC will make available the underlying wire transfer

7   documentation showing that all of the wire transfers listed herein originated from

8   Legacy Global Markets.

9         e.       The NLW bank statement for August 1 through August 31, 2013

10   reflects the following wire transfers received by NLW from Legacy Global

11   Markets:

12        August 7, 2013:    $266,000

13        August 9, 2013:    $93,300

14        August 12, 2013:   $174,300

15        August 16, 2013:   $176,100

16        August 21, 2013:   $221,300

17        August 27, 2013:   $171,000

18        August 29, 2013:   $162,500

19        f.       The NLW bank statement for September 30 through September 30,

20   2013 reflects the following wire transfers received by NLW from Legacy Global

21   Markets:

22        September 5, 2013:   $206,500

23        September 12, 2013: $121,600

24        September 19, 2013: $238,500

25        September 26, 2013: $270,000

26        g.       The NLW bank statement for October 1 through October 31, 2013

27   reflects the following wire transfers received by NLW from Legacy Global

28   Markets:

9

1        October 2, 2013:   $272,000

2        October 9, 2013:   $123,400

3        October 17, 2013:  $140,700

4        October 24, 2013:  $303,600

5        h.     The NLW bank statement for November 1 through November 30,

6  2013 reflects the following wire transfers received by NLW from Legacy Global

7  Markets:

8        November 1, 2013:   $106,800

9        November 7, 2013:   $91,300

10       November 14, 2013: $179,400

11       November 21, 2013: $143,600

12       November 29, 2013: $213,600

13       i.     The NLW bank statement for December 1 through December 31,

14 2013 reflects the following wire transfers received by NLW from Legacy Global

15 Markets:

16       December 20, 2013:  $141,300

17       December 27, 2013:  $76,300

18       j.     The NLW bank statement for January 1 through January 31, 2014

19 reflects the following wire transfers received by NLW from Legacy Global

20 Markets:

21       January 8, 2014:   $160,000

22       January 10, 2014: $96,800

23       January 21, 2014: $359,000

24       January 23, 2014: $155,000

25       January 30, 2014: $138,700

26       k.     The NLW bank statement for February 1 through February 28, 2014

27 reflects the following wire transfers received by NLW from Legacy Global

28 Markets:

1  February 5, 2014:    $253,500

2  February 12, 2014: $326,000

3  February 20, 2014:  $98,500

4      24.    Attached hereto as **Exhibit 23** are true and correct copies of printouts

5  of historical daily price data for the stock of Umax Group Corp. (ticker: UMAX),

6  obtained from Bloomberg Finance L.P., for the period of August 30, 2013 through

7  February 28, 2014  The data shows that the price of Umax stock dropped from

8  $2.98 per share on September 12, 2013 (adjusted for a later 1:20,000 reverse stock

9  split) to $0.055 per share (similarly adjusted) on February 28, 2014.

10      25.    Attached hereto as **Exhibit 24** is a true and correct copy of a printout

11  of historical daily price data for the stock of Azure Holding Group Corp. (ticker:

12  AZRH) obtained from Bloomberg Finance L.P., for the period of December 31,

13  2013 through February 28, 2014.  The data shows that the price of Azure stock

14  dropped from $1.95 per share on January 31, 2014 to $0.07 per share on February

15  25, 2014.

16      26.    On October 10, 2016, the SEC served Luna with the Summons,

17  Complaint, and related documents in this action.  On October 13, 2016, the

18  Commission filed a Proof of Service with respect to the service on Luna.  (Docket

19  No. 8.)

20      27.    The date by which Luna was required to answer, plead or otherwise

21  respond to the Complaint in this action, pursuant to Rule 12(a)(1)(A)(i) of the

22  Federal Rules of Civil Procedure, was October 31, 2016.  As of the date of this

23  Declaration, the SEC has not been served with any answer or other response to the

24  Complaint by or on behalf of Luna, and the SEC is not aware of Luna having filed

25  any such document with the Court.

26      28.    On November 28, 2016, on request of counsel for the SEC, the Clerk

27  of the Court entered the default of Luna. (Dkt. No. 13).

28

11

1    29.    Luna is not a minor, incompetent person, or a person in military

2  service or otherwise exempted under the Servicemembers' Civil Relief Act.

3    30.    Attached hereto as **Exhibit 25** are true and correct copies of checks

4  paid from the NL Walker Associates, Inc. account ending in 0640 at J.P. Morgan

5  Chase Bank, and deposited by Dustin Smith ("Smith").  From May 3, 2013

6  through February 21, 2014, NLW paid Smith a total of $237,161.83.  The checks

7  to Smith were in the following amounts:

8    a.    $2,219.55, check dated May 3, 2013 (Bates No. SEC-JPMorgan-P-

9  0000442);

10    b.    $50.00, check dated May 31, 2013 (SEC-JPMorgan-P-0000458);

11    c.    $150.00, check dated June 3, 2013 (SEC-JPMorgan-P-0000718);

12    d.    $1,428.50, check dated June 7, 2013 (SEC-JPMorgan-P-0000717);

13    e.    $10,590.41, check dated June 14, 2013 (SEC-JPMorgan-P-0000469);

14    f.    $975.74, check dated June 21, 2013 (SEC-JPMorgan-P-0000720);

15    g.    $1,004.80, check dated June 28, 2013 (SEC-JPMorgan-P-0000472);

16    h.    $750.00, check dated July 1, 2013 (SEC-JPMorgan-P-0000471);

17    i.    $900.00, check dated July 2, 2013 (SEC-JPMorgan-P-0000727);

18    j.    $5,156.20, check dated July 5, 2013 (SEC-JPMorgan-P-0000482);

19    k.    $100.00, check dated July 5, 2013 (SEC-JPMorgan-P-0000483);

20    l.    $13,885.24, check dated July 12, 2013 (SEC-JPMorgan-P-0000729);

21    m.    $4,774.00, check dated July 26, 2013 (SEC-JPMorgan-P-0000486);

22    n.    $750.00, check dated August 1, 2013 (SEC-JPMorgan-P-0000489);

23    o.    $2,242.00, check dated August 2, 2013 (SEC-JPMorgan-P-0000491);

24    p.    $125.00, check dated August 2, 2013 (SEC-JPMorgan-P-0000490);

25    q.    $7,390.00, check dated August 9, 2013 (SEC-JPMorgan-P-0000505);

26    r.    $4,183.00, check dated August 16, 2013 (SEC-JPMorgan-P-

27  0000507);

28

1

s.     $19,473.00, check dated August 23, 2013 (SEC-JPMorgan-P-

2   0000739);

3

t.     $2,500.00, check dated August 23, 2013 (SEC-JPMorgan-P-

4   0000741);

5

u.     $9,504.00, check dated August 30, 2013 (SEC-JPMorgan-P-

6   0000743);

7

v.     $750.00, check dated September 3, 2013 (SEC-JPMorgan-P-

8   0000748);

9

w.     $1,059.00, check dated September 6, 2013 (SEC-JPMorgan-P-

10   0000751);

11

x.     $2,500.00, check dated September 6, 2013 (SEC-JPMorgan-P-

12   0000750);

13

y.     $4,169.00, check dated September 13, 2013 (SEC-JPMorgan-P-

14   0000519);

15

z.     $619.58, check dated September 19, 2013 (SEC-JPMorgan-P-

16   0000753);

17

aa.     $1,460.00, check dated September 20, 2013 (SEC-JPMorgan-P-

18   0000754);

19

bb.     $12,429.00, check dated September 27, 2013 (SEC-JPMorgan-P-

20   0000757);

21      cc.     $250.00, check dated October 1, 2013 (SEC-JPMorgan-P-0000526);

22      dd.     $4,909.00, check dated October 4, 2013 (SEC-JPMorgan-P-0000527);

23      ee.     $4,040.00, check dated October 11, 2013 (SEC-JPMorgan-P-

24   0000532);

25      ff.     $1,160.00, check dated October 18 (SEC-JPMorgan-P-0000763);

26      gg.     $11,835.00, check dated October 25, 2013 (SEC-JPMorgan-P-

27   0000534);

28

13

1      hh.    $1,954.00, check dated November 1, 2013 (SEC-JPMorgan-P-

2 0000766);

3      ii.    $157.96, check dated November 1, 2013 (SEC-JPMorgan-P-

4 0000765);

5      jj.    $4,141.00, check dated November 8 (SEC-JPMorgan-P-0000540);

6      kk.    $1,350.00, check dated November 15, 2013 (SEC-JPMorgan-P-

7 0000772);

8      ll.    $2,224.00, check dated November 15, 2013 (SEC-JPMorgan-P-

9 0000773);

10      mm.    $7,447.00, check dated November 22, 2013 (SEC-JPMorgan-P-

11 0000775);

12      nn.    $2,759.00, check dated November 29, 2013 (SEC-BOA-E-0005064);

13      oo.    $554.00, check dated December 6, 2013 (SEC-JPMorgan-P-

14 0000550);

15      pp.    $38.83, check dated December 13, 2013 (SEC-JPMorgan-P-

16 0000780);

17      qq.    $5,164.00, check dated December 13, 2013 (SEC-JPMorgan-P-

18 0000779);

19      rr.    $6,060.00, check dated December 20, 1013 (SEC-JPMorgan-P-

20 0000782);

21      ss.    $11,057.00, check dated December 27, 2013 (SEC-JPMorgan-P-

22 0000552);

23      tt.    $9,239.00, check dated January 17, 2014 (SEC-JPMorgan-P-

24 0000790);

25      uu.    $7,503.00, check dated January 3, 2014 (SEC-JPMorgan-P-0000784);

26      vv.    $9,445.00, check dated January 10, 2014 (SEC-JPMorgan-P-

27 0000559);

28

1    ww.    $6,789.00, check dated January 24, 2014 (SEC-JPMorgan-P-

2  0000793);

3    xx.    $5,308.00, check dated January 31, 2014 (SEC-JPMorgan-P-

4  0000567);

5    yy.    $9,183.00, check dated February 7, 2014 (SEC-JPMorgan-P-

6  0000797);

7    zz.    $9,368.00, check dated February 14, 2014 (SEC-JPMorgan-P-

8  0000799);

9    aaa.    $3,136.00, check dated February 21, 2014 (SEC-BOA-E-0006689);

10  and

11    bbb.    $1,152.02, check dated February 14, 2014 (SEC-BOA-E-0006691).

12    31.    Attached hereto as **Exhibit 26** is a calculation of prejudgment interest

13  accrued on the amount of $13,331,883 from September 26, 2016 through July 14,

14  2017.  This calculation was made using a computer program made available to the

15  SEC staff that uses the interest rate used by the Internal Revenue Service.  This

16  program compounds interest on a quarterly, rather than daily, basis and ignores

17  partial months at the beginning and end of a period.  As set forth in Exhibit 26, the

18  amount of prejudgment interest on $13,331,883 from September 26, 2016 through

19  July 14, 2017 is $402,476.

20    31.    Attached hereto as **Exhibit 27** is a calculation of prejudgment interest

21  accrued on the amount of $7,027,428 from September 26, 2016 through July 14,

22  2017.  This calculation was made using a computer program made available to the

23  SEC staff that uses the interest rate used by the Internal Revenue Service.  This

24  program compounds interest on a quarterly, rather than daily, basis and ignores

25  partial months at the beginning and end of a period.  As set forth in Exhibit 26, the

26  amount of prejudgment interest on $7,027,428 from September 26, 2016 through

27  July 14, 2017 is $212,151.

28

1         31.     Attached hereto as **Exhibit 28** is a calculation of prejudgment interest

2    accrued on the amount of $1,029,993 from September 26, 2016 through July 14,

3    2017.  This calculation was made using a computer program made available to the

4    SEC staff that uses the interest rate used by the Internal Revenue Service.  This

5    program compounds interest on a quarterly, rather than daily, basis and ignores

6    partial months at the beginning and end of a period.  As set forth in Exhibit 28, the

7    amount of prejudgment interest on $1,029,993 from September 26, 2016 through

8    July 14, 2017 is $31,094.

9         31.     Attached hereto as **Exhibit 29** is a calculation of prejudgment interest

10   accrued on the amount of $237,361 from September 26, 2016 through July 14,

11   2017.  This calculation was made using a computer program made available to the

12   SEC staff that uses the interest rate used by the Internal Revenue Service.  This

13   program compounds interest on a quarterly, rather than daily, basis and ignores

14   partial months at the beginning and end of a period.  As set forth in Exhibit 29, the

15   amount of prejudgment interest on $237,361 from September 26, 2016 through

16   July 14, 2017 is $7,165.

17        I declare under penalty of perjury under the laws of the United States that the

18   foregoing is true and correct.  Executed this 13th day of July, 2017, at Los

19   Angeles, California.

20

21                                              */s/ David J. Van Havermaat*

                                           David J. Van Havermaat

22

23

24

25

26

27

28

16

1    **PROOF OF SERVICE**

2    I am over the age of 18 years and not a party to this action.  My business address is:

3    [X]    U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071

4

5    Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

6    On July 13, 2017, I caused to be served the document entitled **DECLARATION OF DAVID J. VAN HAVERMAAT IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT MARCUS A.**

7    **LUNA** on all the parties to this action addressed as stated on the attached service list:

8    [X]    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am

9    readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the

10   U.S. Postal Service on the same day in the ordinary course of business.

11   [ ]    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such

12   envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

13

14   [ ]    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

15

16   [ ]    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

17   [ ]    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for,

18   which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

19

20   [X]    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

21   [ ]    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are

22   registered with the CM/ECF system.

23   [ ]    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

24

25   I declare under penalty of perjury that the foregoing is true and correct.

26

27   Date:  _July 13, 2017_____          */s/ David J. Van Havermaat____*
                                          David J. Van Havermaat

28

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEC v. Marcus A. Luna,** *et al.*
**United States District Court – Central District of California**
**Case No. 2:16-CV-07333-BRO (SKx)**
**(LA-04390)**

SERVICE LIST

Marcus A. Luna (*via U.S. Mail*)
2756 Tarbert St.
Henderson, NV 89044
*Pro Se*

Daniel L. Hitzke (*via U.S. Mail*)
Hitzke & Associates
100 Oceangate, Suite 1100
Long Beach, CA 90802
daniel.hitzke@hitzkelaw.com
*Attorney for Defendant Norrell L. Walker*

Paul Gomez (*via U.S. Mail*)
7076 Hawthorne Avenue, Apt. 310
Los Angeles, CA 90028
paulgomez13@gmail.com
*Pro Se*

Steven M. Goldsobel (*via U.S. Mail*)
Law Offices of Steven Goldsobel,
A Professional Corporation
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067
steve@sgoldsobel.com
*Attorney for Defendant Dustin S. Smith*

18