DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
LUCEE S. KIRKA, Cal. Bar No. 121685
Email: kirkal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARCUS A. LUNA, NORRELL L. WALKER, PAUL L. GOMEZ, and DUSTIN S. SMITH,<br><br>  Defendants. | Case No.: CV-16-07333 BRO (SKx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT NORRELL L. WALKER** |

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") filed a Complaint and Defendant Norrell L. Walker ("Walker" or "Defendant") having entered a general appearance; having consented to the Court's jurisdiction over him and over the subject matter of this action; without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided in the Consent of Norrell L. Walker to Entry of Judgment (Dkt. No. 30)), having consented to the entry of a Judgment that, among other things, (a) permanently restrains and enjoins Walker from violating certain provisions of the federal securities laws and (b) orders Walker to pay disgorgement, prejudgment interest thereon, and a civil penalty in amounts to be determined at a later date; and having waived findings of fact and conclusions of law; and

This matter having come before the Court on the SEC's Motion For Final Judgment Setting Amounts of Disgorgement and Prejudgment Interest Against Defendant Norrell L. Walker; and the Court having considered the SEC's Motion, the memorandum of points and authorities filed in support of the motion, the declarations and all other documents filed in support of the motion, and all other evidence and argument presented regarding the motion, and good cause appearing, orders that the SEC's Motion For Final Judgment Setting Amounts of Disgorgement and Prejudgment Interest Against Defendant Norrell L. Walker is GRANTED.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

1  attorneys; and (b) other persons in active concert or participation with Defendant or
2  with anyone described in (a).

3                                         **IV.**

4         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
5  Defendant is permanently restrained and enjoined from violating, directly or
6  indirectly, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), which makes it
7  unlawful for any broker or dealer which is either a person other than a natural person
8  or a natural person, to make use of the mails or any means or instrumentality of
9  interstate commerce to effect any transactions in, or to induce or attempt to induce the
10 purchase or sale of, any security (other than an exempted security or commercial
11 paper, bankers' acceptances, or commercial bills) unless such broker or dealer is
12 registered in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).
13        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
14 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
15 binds the following who receive actual notice of this Final Judgment by personal
16 service or otherwise:  (a) Defendant's officers, agents, servants, employees, and
17 attorneys; and (b) other persons in active concert or participation with Defendant or
18 with anyone described in (a).

19                                        **V.**

20        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
21 Defendant is permanently barred from participating in an offering of penny stock,
22 including engaging in activities with a broker, dealer, or issuer for purposes of
23 issuing, trading, or inducing or attempting to induce the purchase or sale of any penny
24 stock.  A penny stock is any equity security that has a price of less than five dollars,
25 except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

26                                        **VI.**

27        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
28 is liable for disgorgement of $7,027,428, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $839,696, for a total of $7,867,124.  Included within that amount are disgorgement of $1,029,993 and prejudgment interest of $31,094, for a total of $1,061,087, for which Defendant is jointly and severally liable with defendant Paul L. Gomez, and disgorgement of $237,361 and prejudgment interest of $7,165, for a total of $244,526, for which Defendant is jointly and severally liable with defendant Dustin S. Smith.  Defendant shall satisfy this obligation by paying $7,867,124 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Defendant's disgorgement and prejudgment interest obligation shall be credited by any amounts that Defendant is ordered to pay as restitution in any criminal case involving Defendant's participation in a stock manipulation scheme in stocks traded on the pink sheets with ticker symbols UMAX and/or AZRH.

      Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Norrell L. Walker as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

      Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and

interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Norrell L. Walker to Entry of Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC has determined to forgo seeking a civil penalty against Defendant, and the claim for a civil penalty against Defendant is hereby DISMISSED.

///

///

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. The Court vacates the hearing set for September 25, 2017

Dated: 09/19/17

*Virginia A. Phillips*

HON. BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE